**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3659-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANTWIONE A. PARSLEY, a/k/a
ANTOINE A. PARSLEY,

    Defendant-Appellant.

_____

Submitted February 27, 2019 – Decided May 8, 2019

Before Judges Alvarez and Nugent.

On appeal from Superior Court of New Jersey, Law Division, Salem County, Indictment No. 11-04-0229.

Joseph E. Krakora, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the brief).

John T. Lenahan, Salem County Prosecutor, attorney for respondent (David M. Galemba, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Antwione Parsley appeals the June 13, 2017 order denying his petition for post-conviction relief (PCR). For the reasons stated by Judge Linda L. Lawhun in her comprehensive written decision, we affirm.

Defendant was convicted of fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4); second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b); and second-degree possession of a weapon by a certain person, N.J.S.A. 2C:39-7(b)(1). The jury was unable to reach a verdict on three other counts, including first-degree attempted murder; those charges were subsequently dismissed. On March 20, 2012, defendant was sentenced to an aggregate of nine years subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. Defendant was subsequently resentenced on May 15, 2015, on a remand for merger.

The underlying facts are as follows. Defendant had accused the victim of having provided the authorities with information regarding his illegal activities. Defendant ended the argument by throwing a bicycle and a stroller at the victim, and telling him he was "about to clear the street." The victim heard defendant make a phone call during which he told someone to "bring Roscoe," which he understood to be a reference to defendant's handgun. Later on, the victim saw

A-3659-17T4

defendant's car, was told to "watch out," and saw defendant standing behind a school bus between two houses and pointing a gun in his direction. The victim and another person fled the area when they heard gunshots.

When the incident occurred, the Salem County Prosecutor's Office had coincidentally been intercepting defendant's cell phone communications pursuant to a warrant, related to an ongoing narcotics investigation as well as an investigation related to another shooting. Approximately half an hour after the shooting, the victim called defendant. Defendant was recorded making reference to the fact that the person defendant had been shooting at was not the victim, but someone else. Some of the intercepted conversations were played to the jury. All had been obtained pursuant to an electronic wiretap warrant.

Now on appeal, defendant raises the following two points:

> POINT I
> THE PCR COURT ERRED IN DENYING [DEFENDANT'S] PETITION FOR POST-CONVICTION RELIEF BECAUSE HE ESTABLISHED INEFFECTIVE ASSISTANCE OF COUNSEL WITH RESPECT TO HIS CLAIM THAT HE WAS PREJUDICED BY TRIAL COUNSEL'S FAILURE TO MOVE FOR A STAY OF HIS TRIAL PENDING THE OUTCOME OF HIS INTERLOCUTORY APPEAL OF THE DENIAL OF HIS MOTION TO CHANGE VENUE.

POINT II
THE PCR COURT ERRED IN DENYING [DEFENDANT'S] PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING BECAUSE HE ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL WITH RESPECT TO HIS CLAIM THAT HE WAS PREJUDICED BY TRIAL COUNSEL'S FAILURE TO MOVE TO SUPPRESS EVIDENCE OBTAINED THROUGH THE WIRETAP OF [DEFENDANT'S] PHONE BASED ON FAILURE OF LAW ENFORCEMENT TO MINIMIZE NON-PERTINENT CALLS.

In determining whether an attorney's representation is effective, we ask whether (1) "counsel's performance was deficient" and he or she made errors so egregious "that counsel was not functioning" effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) if the error in the representation prejudiced the outcome of defendant's trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).

We agree with Judge Lawhun that defendant's bare allegations were simply insufficient to have made out a prima facie case for PCR that would have warranted an evidentiary hearing, much less relief. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

4

Defendant's first point alleges he was substantially prejudiced by trial counsel's failure to seek a stay of the trial pending the outcome of his application for leave to take an interlocutory appeal of the denial of his change of venue motion. Judge Lawhun reviewed the documentation counsel provided in support of the original motion, four articles regarding defendant's criminal activities. We agree that they do not mention these charges and are not stories likely to have influenced potential jurors. Furthermore, the trial judge who denied defendant's motion for a change of venue, although he concluded defendant failed to establish "presumptively prejudicial publicity" or a "realistic likelihood of prejudice," also stated in the order that he would revisit the issue should "voir dire establish[] sufficient juror bias due to pretrial publicity" or that "a change of location is 'necessary to overcome the realistic likelihood of prejudice resulting from pretrial publicity.'" If defendant's application for leave to take an interlocutory appeal was denied because the application for change of venue lacked merit, certainly a request for a stay would have been denied as well. This issue falls short of meeting Strickland's requirements.

Defendant's second point also lacks merit. The admission of wiretap evidence in this case did not violate the statutory requirement that, in order to protect the privacy of our citizens, authorities executing a wiretap warrant must

minimize the hours of interception and attempt to terminate interception of non-relevant calls. See State v. Catania, 85 N.J. 418, 422-23 (1981). The remedy for failure to minimize hours of coverage, and to terminate surveillance of non-relevant phone calls, is the suppression of the items. See Wiretap Act, N.J.S.A. 2A:156A-1.

The conversations about which defendant complains relate to his request for a ride out of the area where the shooting took place. Nothing would lead us to conclude they were not relevant to the charges, or otherwise require suppression. In the absence of even minimal facts that would have supported a suppression motion, counsel did not err by failing to file one.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3659-17T4